IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTINE HENDERSON

Plaintiff,

v.

THERESA KIDD; DANIEL W. PARRS; JOHN DOES 1-3,

Defendants.

Civ. No. 6:26-cv-1706-AA

**OPINION & ORDER**

AIKEN, District Judge.

Self-represented Plaintiff Christine Henderson ("Plaintiff") seeks leave to proceed *in forma pauperis* ("IFP") in this pro se action and moves for appointment of pro bono counsel. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED without leave to amend. Plaintiff's motion for appointment of counsel, ECF No. 6 is DENIED as MOOT.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

**DISCUSSION**

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 2, and the petition will be GRANTED.

Plaintiff brings claims under the due process clause of the 14th Amendment to the federal Constitution against various employees of the Oregon judiciary: Theresa Kidd, appellate court commissioner; Daniel W. Parts, administrator for appellate and supreme court; and three John Does, who are the appellate court clerk, the Lane County Circuit Court administrator, and Lane County Circuit Court clerks. She alleges that she has been denied access "to the courts and impartial tribunal." Compl. at 4. She alleges that there has been "EXTRINSIC FRAUD, SYSTEMIC CORRUPTION, AND ADMINISTRATIVE SABOTAGE, perpetrated by state court actors." *Id.* ¶ 3.

The Complaint is not entirely clear, but the Court has been able to glean the essential story. Plaintiff has or had a case in Lane County Circuit Court, and the

court rendered an adverse decision. *Id.* at 2. Plaintiff appealed the decision to the Oregon Court of Appeals. *Id.* Plaintiff's appeal was allegedly dismissed for failure to timely file the opening brief. *Id.* ¶ 12. Plaintiff then refiled her appeal, along with a request to recuse Defendant Kidd. *Id.* ¶ 14. At the end of the day, Plaintiff was unsuccessful in appealing the circuit court decision.

The Court cannot tell the subject matter of the underlying state case, but Plaintiff references three discrete actions against different defendants. None of those defendants are named in this case, nor are there accusations of malfeasance regarding those defendants.

As her remedy, Plaintiff asks the Court: (1) to issue an injunction "ordering the state court to vacate the fraudulent dismissal issued but Appellate court commissioner"; (2) "[a]n order mandating that plaintiff's state Supreme Court petition be reviewed by an independent, untainted judicial panel completely free of administrative interference"; (3) compensatory damages in the amount of $15,000,000; and (4) punitive damages. *Id.* at IV.A-D.

"[The] *Rooker-Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Id. Rooker-Feldman* does not bar federal claims where a plaintiff "'asserts as a legal wrong an allegedly illegal act or omission by an adverse party[.]'"

*Id.* at 1140 (quoting *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir.2003)). Instead, *Rooker-Feldman* applies "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Id.* (emphasis in original).

Here, Plaintiff asserts that her case is an "extra ordinary exception" to *Rooker-Feldman*, and she asserts that she "is NOT seeking a federal appellate review of standard court judgment." Compl. ¶ 3**.**

But Defendants are not adverse parties from Plaintiff; they are employees of the judicial branch of the Oregon state government. Plaintiff alleges errors by the state courts, and her remedy is to vacate the state courts' prior decisions. Plaintiff indisputably "asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." This is precisely what *Rooker-Feldman* bars.

Because Plaintiff's claims are within the *Rooker-Feldman* doctrine, the Court lacks subject-matter jurisdiction over this matter. Because the Court lacks subject-matter jurisdiction, amendment of the Complaint would be futile. As such, Plaintiff's Complaint is dismissed without leave to amend.

Because Plaintiff's Complaint is dismissed without leave to amend, the motion for appointment of counsel is denied as moot.

**CONCLUSION**

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED, and the Complaint, ECF No. 1, is DISMISSED without leave to amend

and without service on Defendants. The motion for appointment of counsel, ECF No. 6, is DENIED as MOOT.

It is so ORDERED and DATED this ____6th_____ day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge