IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTINE HENDERSON

Plaintiff,

v.

THERESA KIDD; DANIEL W. PARRS; JOHN DOES 1-3,

Defendants.

Civ. No. 6:26-cv-1706-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

Self-represented Plaintiff Christine Henderson ("Plaintiff") has filed three motions, ECF Nos. 9, 10, 13, as well as exhibits and a legal memorandum, ECF Nos. 11-12, in this action, which the Court dismissed on October 6, 2026. Plaintiff moves the Court: under Federal Rule of Civil Procedure 59(e) to amend its previous judgment and under Rule 60(b) for relief from the Court's judgment. Plaintiff also moves the Court to be recused from this action. For the reasons stated below, all motions are DENIED.

**DISCUSSION**

The Court will proceed by analyzing the motion to recuse, followed by the 60(b) motion, and finally the Rule 59(e) motion.

## I. Motion to Recuse

Two federal statutes govern recusal and disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that a judge shall be disqualified where he or she has a "personal bias or prejudice either against [a party] or in favor of any adverse party[.]" *United States v. Heffington*, 952 F.2d 275, 278 (9th Cir. 1991) (quoting 28 U.S.C. § 144). Under § 144, the party moving for recusal must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists" and must include certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. Conclusory allegations are insufficient to support a request for recusal on grounds of bias or prejudice. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Similarly, § 455 provides that federal judges must recuse themselves "in any proceeding in which [their] impartiality might be reasonably questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1); see *Heffington*, 952 F.2d at 278 ("Despite the differences in terminology between these two statutes, we have consistently indicated that the tests for personal bias and prejudice are identical.").

Under § 144, a challenged judge must determine in the first instance whether the affidavit required in the statute is legally sufficient and, if so, must refer the motion to another judge for determination. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

In both §§ 144 and 455, the standard is "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be

questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (internal quotation marks and citations omitted). The standard requires recusal if a reasonable third-party observer would perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Cuevas v. Kelly*, Civil No. 6:18-cv-01973, 2019 WL 2518121, at *1 (D. Or. June 18, 2019) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citations omitted). To warrant recusal under § 455, judicial bias must stem from an extrajudicial source and not from conduct or rulings made during the course of proceedings. *$292,888.04 in U.S. Currency*, 54 F.3d at 566; *see also Clemens*, 438 F.3d at 1178 (clarifying that "extrajudicial factors" means "from sources other than the judicial proceeding at hand.").

Here, Plaintiff claims that I am "incapable of doing [my] judicial duties due to severe depr[i]vation of [my] mental state" and that I "committed judicial error." Mot. Rec. at 1. Additionally, Plaintiff says I was "a possible suspect in the internet posting of public opinion" at some previous time on some unspecified topic. *Id.* at 1-2. Finally, Plaintiff says that I "had the case for almost a full 5 months and failed to approve or deny the fee waiver to proce[e]d[] before [I] finally got around to dismissing the case."

Last things first, Plaintiff filed this action of August 14, 2026. I issued my

opinion approving the waiver of the filing fee and dismissing the action on October 6, 2026. That is not a “full five months,” nor even two full months, from the date of filing.

To the internet posting, the accusation is vague and completely unfounded. This cannot be a basis for recusal, as no reasonable person would give credence to such a bizarre—and factually devoid—assertion. The same can be said about Plaintiff’s impugning my mental state.

Finally, “judicial error” it not a basis for recusal, as the basis must be extrajudicial. My rulings in other actions brought by Plaintiff are also judicial in nature and so cannot sustain a motion to recuse.

It is clear that Plaintiff has long-standing issues with a number of judges in state and federal courts. Her filings describe numerous motions to recuse, all of which seem to stem from adverse judgments.

Plaintiff’s motion to recuse is denied.

## II. Rule 60(b) Motion

Rule 60(b) allows a court to “relieve a party or its legal representative from a final judgment, order, or proceeding for” certain reasons:

> “(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.”

Fed. R. Civ. P. 60(b).

Here, Plaintiff accuses the Court of mistake and fraud. Pl. 60(b) Mot. at 1. One alleged mistake by the Court is the dismissal of Plaintiff's complaint without leave to amend. Pl. Memo. Law at 3. The other is denying the motion for pro bono counsel as moot. *Id.* at 2.

Plaintiff is correct that in pro se matters, denying leave to amend is disfavored, but as she acknowledges, the exception to that general rule is where any amendment would be futile—"that the deficiencies could not be cured by amendment." *Taylor v. Randall*, No. 3:23-CV-01147-AN, 2024 WL 2250026 at *1 (D. Or. May 16, 2024). Here, the futility amendment is clear.

As the Court previously explained, "[the] Rooker-Feldman [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "If a plaintiff brings a de facto appeal from a state court judgment, Rooker Feldman requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Id.* Rooker-Feldman does not bar federal claims where a plaintiff "'asserts as a legal wrong an allegedly illegal act or omission by an adverse party[.]'" *Id.* at 1140 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003)). Instead, Rooker-Feldman applies "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." Id. (emphasis in original).

Plaintiff may style her action as she wishes, but the Court looks past that to the substance of the claim. In Plaintiff's Complaint, ECF No. 1, she requested as her

relief "[a] preliminary and Permanent injunction ordering the state court to vacate the fraudulent dismissal issued but Appellate court commissioner" and "[a]n order mandating that plaintiff's state Supreme Court petition be reviewed by an independent, untainted judicial panel completely free of administrative interference." Compl. at 6. Plaintiff also asks for compensatory and punitive damages based on the allegedly fraudulent adverse decisions rendered by various courts, and these damages are her assigned values to the cases in state court in which she believes she should have prevailed.

It is indisputable that vacating a state court order of dismissal would be "relief from the state court judgment." The same would be true of ordering the Oregon Supreme Court to reconsider Plaintiff's petition. Those are judgments of state courts that Plaintiff asks this Court to change. Also, awarding her the damages sought in state court cases in which she did not prevail would in essence change the judgments of the state court. All her claims for relief are exactly what Rooker-Feldman prohibits.

Further, as an exhibit to her Rule 59(e) motion, Plaintiff includes a proposed amended complaint. She again asks the Court for intervention on her behalf with the Oregon Supreme Court. ECF No. 13-3 at 35. For her compensatory damages, she asks for "THE VALUE OF THE BLOCKED DEFAULTS IN CASES 25CV37579 A 10 MILLION DOLLAR AND CASE 25CV37580 A 5 MILLION DOLLAR CASE." *Id.* Again, this is relief from the judgment of the state courts. By submitting a proposed amendment complaint, Plaintiff has shown exactly why the Court determined that amendment would be futile.

Turning to the decision not to appoint pro bono counsel for Plaintiff in this action, that motion was denied as moot because it is inapplicable to a closed case. Regardless, there is no right to counsel in civil matters. *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases).

Plaintiff's Rule 60(b) motion is denied.

**III. Rule 59(e) Motion**

Rule 59(e) grants a court "discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law." *Norman K. v. Kijakazi*, 650 F. Supp. 3d 1096, 1097 (D. Or. 2022) (internal quotation marks and citations omitted). "Courts . . . will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff assigns legal error to the Court but asserts no newly discovered evidence bearing on the reason for dismissal, nor any intervening change in controlling law.

Instead, Plaintiff continues to assert that her matter is an "extraordinary exception" to Rooker-Feldman. She claims that "PLAINTIFF IS EXEMPT FROM THE ROOKER-FELDMAN DOCTRINE AS THE PLAINTIFF IS SEEKING INDEPENDENT MONETARY DAMAGES FOR THOSE ILLEGAL ACTINS RATHER THAN ASKING FOR FEDERAL COURT TO REVERSE, VACATE OR REJECT THE STATE COURTS RULING." Pl. Mo. For Recon. at 3.

The Court has explained that Rooker-Feldman squarely applies to this action. Plaintiff has presented no source with which to decide otherwise against the great weight of authority supporting the Court's judgment.

In this motion, Plaintiff also raises her dispute with adverse counsel in her state court matters, the Lindsay Hart law firm. Pl. 59(e) Mot. Neither the firm nor any members or employees are defendants in the Complaint. While she names the firm as a defendant in her proposed amended complaint, that does not suffice under the Rule 59(e) standard: it is neither newly discovered evidence, an error by the Court, or intervening change in controlling law. Instead, it is a new action against a new defendant.

Plaintiff's last basis for this motion is the lack of appointment of a magistrate after she consented to such jurisdiction. Pl. 59(e) Mot. at 1. Again, that does not fit the requirements of this motion, nor does it have any bearing on the reason for dismissal without leave to amend.

Plaintiff's Rule 59(e) motion is denied.

## IV. Abusive Filing

The Court notes for the record that Plaintiff submitted over 450 pages of exhibits to her Rule 59(e) motion. The Court finds such behavior to be abusive, and Plaintiff is warned that if she continues to file documents in bulk that have no bearing on the motion to which they are attached, she could be sanctioned and, as warranted, declared a vexatious litigant.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions, ECF Nos. 9, 10, 13, are DENIED.

It is so ORDERED and DATED this 17th day of November 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge